### HARDWICKE v. PICKLE.

(Court of Civil Appeals of Texas. El Paso. March 28, 1912. Rehearing Denied May 1, 1912.)

APPEAL AND ERROR (§ 907*)—REVIEW—PRESUMPTIONS.

Where a bill of exceptions upon objection to the sufficiency of the return of the citation in an action against a minor defendant does not set out the citation in full, the return, which recited service "by delivering to each of the within-named defendants in person a true copy of this citation (together with the accompanying certified copy of the plaintiff's) at the following times and places," etc., will be regarded as sufficiently showing service of a copy of the petition; omission of the word "petition" being clearly a clerical error, and the citation being presumed to have commanded delivery of a copy of the petition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by George W. Pickle against Zada Leah Edwards and another, where S. P. Hardwicke was appointed guardian ad litem for the above-named defendant. Judgment for plaintiff, and defendant guardian appeals. Affirmed.

Hardwicke & Hardwicke, of Abilene, for appellant. C. L. Hailey, of Abilene, for appellee.

PETICOLAS, C. J. Appellee sued W. M. Edwards, surviving husband of Mrs. S. J. Edwards, and Zada Leah Edwards, an infant, the daughter of Mr. and Mrs. Edwards, for the foreclosure of a lien on land. The minor was a resident of a county other than the forum. The trial court appointed S. P. Hardwicke guardian ad litem.

The only question raised is that the return of the citation to the minor did not show that a true copy of the writ and a copy of the petition were delivered to the minor. The bill of exceptions shows that the citation commanded service on the minor, and states that the citation was unobjectionable save as to the objection urged. Appellant does not set out the citation in full. The return, as far as material to this inquiry, reads: "* * * By delivering to each of the within-

in-named defendants in person a true copy of this citation (together with the accompanying certified copy of the plaintiff's) at the following times and places. * * *"

As the citation commanded service of Zada Leah Edwards, and she was the only defendant named therein, and as the omission of the word "petition" is clearly but a clerical error, we think the return, taken in connection with the citation itself, which we must presume commanded the delivery of a true copy of the writ, with the accompanying certified copy of plaintiff's petition, was sufficient as against the objection urged. If the citation in fact did not show such command, appellant should have incorporated it in his bill of exceptions.

For the reasons indicated, the case is affirmed.